IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| OLGA MARLENE BERCIAN ALVAREZ, | ) ) ) |
| Plaintiff, | ) ) Cause No.: 1:20-cv-2994 |
| vs. | ) ) ) |
| PLS AUTO, INC., | ) ) |
| Defendant. | ) |

COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Plaintiff, Olga Marlene Bercian Alvarez, by counsel, and as her Complaint for Damages against Defendant, states as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Olga Marlene Bercian Alvarez (hereinafter "Plaintiff" or "Bercian"), is a resident of Marion County in the State of Indiana and a former employee of Defendant.

2. Defendant, PLS Auto, Inc. (hereinafter "PLS Auto" or "Defendant"), is an employer as defined by the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et. seq.*, which conducts business in the State of Indiana.

3. Bercian filed a Charge of Discrimination (Charge No. 470-2020-03001) with the Equal Employment Opportunity Commission on or about June 30, 2020, alleging *inter alia*, that Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et. seq*.

5. The Equal Employment Opportunity Commission issued to Bercian a 90-day Right to Sue letter on September 24, 2020.

6. Bercian invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

7. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

GENERAL FACTS & SPECIFIC ALLEGATIONS

8. Plaintiff, a twenty-five (25) year old Hispanic/Latina female, worked for the Defendant as a Sales Associate.

9. Near the beginning of 2019, Defendant hired a new manager named Barry who harassed and discriminated against the Plaintiff by taking away her commission, making her work longer hours than other sales associates, and by denying her days off.

10. Prior to September 2019, Plaintiff discussed the possibility of a transfer to Defendant's Dallas location, but Barry said he would oppose it.

11. In September, Plaintiff got married and traveled to Texas for her honeymoon.

12. While on her honeymoon, Barry denied Plaintiff's vacation days and instead put her in for sick time.

13. On or about September 16, 2019, Plaintiff notified Barry that she was no longer interested in a transfer and would be returning to work.

14. Defendant refused to allow Plaintiff to return to work, and effectively terminated her employment and/or failed to consider her for hire.

Count I
Sex Discrimination

15. Plaintiff incorporates by reference paragraphs one (1) through fourteen (14) above.

16. Plaintiff at all times met or exceeded Defendant's legitimate performance expectations.

17. Plaintiff is a female who was subjected to a hostile work environment, denied a commission, and was terminated after choosing not to transfer to another state.

18. Defendant had not filled Plaintiff's position but refused to allow her to return to work following her honeymoon.

19. Plaintiff was treated less favorably than similarly situated male employees who were not subjected to the type of discrimination that Plaintiff endured.

20. As a result of the foregoing, Bercian suffered damages, including but not limited to, lost wages and benefits, liquidated damages and attorney fees.

21. The Defendant's actions were motivated by her sex and are in violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et. sec.*

WHEREFORE, Plaintiff prays for judgment against Defendant, an award for unpaid wages, compensatory damages, punitive damages, back pay, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

Count II
Title VII - Race Discrimination

22. Plaintiff incorporates by reference paragraphs one (1) through twenty-one (21) above.

23. Plaintiff at all times met or exceeded Defendant's legitimate performance expectations.

24. Plaintiff is a Hispanic/Latina who because of her race was subjected to a hostile work environment, denied a commission, and was terminated after choosing not to transfer to another state.

25. Defendant had not filled Plaintiff's position but refused to allow her to return to work following her honeymoon.

26. Plaintiff was treated less favorably than similarly situated white employees who were not subjected to the type of discrimination that Plaintiff endured.

27. As a result of the foregoing, Bercian suffered damages, including but not limited to, lost wages and benefits, liquidated damages and attorney fees.

28. The Defendant's actions were motivated by Plaintiff's race and are in violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et. sec.*

WHEREFORE, Plaintiff prays for judgment against Defendant, an award for unpaid wages, compensatory damages, punitive damages, back pay, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

## Count III
## National Origin Discrimination

29. Plaintiff incorporates by reference paragraphs one (1) through twenty-eight (28) above.

30. Plaintiff at all times met or exceeded Defendant's legitimate performance expectations.

31. Plaintiff was an employee of Mexican descent who because of her national origin and/or ethnic background was subjected to a hostile work environment, denied a commission, and was terminated after choosing not to transfer to another state.

32. Defendant had not filled Plaintiff's position but refused to allow her to return to work following her honeymoon.

33. Plaintiff was treated less favorably than similarly situated employees of American descent who were not subjected to the type of discrimination that Plaintiff endured.

34. As a result of the foregoing, Bercian suffered damages, including but not limited to, lost wages and benefits, liquidated damages and attorney fees.

35. The Defendant's actions were motivated by Plaintiff's national origin and/or ethnic background and are in violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et. sec.*

WHEREFORE, Plaintiff prays for judgment against Defendant, an award for unpaid wages, compensatory damages, punitive damages, back pay, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

### Count IV
### Title VII Retaliation

36. Plaintiff incorporates by reference paragraphs one (1) through thirty-five (35) above.

37. During her employment with Defendant, Plaintiff complained to Defendant that Barry was discriminating against her by refusing to give her a commission that other male and/or non-Hispanic/Latina were given.

38. Afterwards, Plaintiff was terminated when she refused to transfer out of state.

39. The reason Defendant terminated Plaintiff's employment rather than allow her to return to her job was because of her complaints of discrimination.

40. As a result, Plaintiff has sustained damages including, but not limited to, lost pay and benefits, compensatory damages, attorney fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of back pay, job reinstatement, compensatory damages, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

<u>Count V</u>
<u>Section 1981</u>

41. Plaintiff incorporates by reference paragraphs one (1) through forty (40) above.

42. Defendants discriminated against Ms. Bercian on the basis of her race when it created a hostile work environment and terminated her employment.

43. Ms. Bercian's race was the reason Defendant subjected Plaintiff to a hostile work environment and terminated her employment.

44. Ms. Berecian was treated less favorably than similarly situated white employees.

45. These actions were in violation of 42 U.S.C. § 1981.

46. As a result of the foregoing, Ms. Bercian has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

47. As a result of Defendant's actions, Ms. Bercian has incurred attorney fees and costs.

WHEREFORE, Plaintiff prays for judgment against Defendants, an award of damages sufficient to compensate Plaintiff for his injuries, including lost pay and benefits, compensatory damages, and for an award of Plaintiff's attorney fees and costs incurred herein, and for all other appropriate relief.

Respectfully submitted,

HENN HAWORTH CUMMINGS + PAGE

<u>/s/ Paul J. Cummings</u>
Paul J. Cummings, 22713-41

REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

        Respectfully submitted,

        HENN HAWORTH CUMMINGS + PAGE

        <u>/s/ Paul J. Cummings</u>
        Paul J. Cummings, 22713-41

HENN HAWORTH CUMMINGS + PAGE
1634 W Smith Valley Road, Ste. B
Greenwood, IN  46143
(317) 885-0041;
(888) 308-6503 Fax